**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERARD JACKSON** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**INTEL MEDIA HOUSE INC. and CHRISTIAN GAMARRA**<br><br>*Defendants*. | Civil Case No.: 4:24-cv-01181 |

## FIRST AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      However, the TCPA doesn't only restrict robocalls.

3.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response

to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

4.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5.      The Plaintiff alleges that Intel Media House Inc. ("Intel"), at the direction of Christian Gamarra, made unsolicited pre-recorded telemarketing calls to telephone numbers that are listed on the National Do Not Call Registry.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.     This Court has jurisdiction over Defendants because Defendants (1) made the telemarketing calls at issue into this District or participated and directed the violative calls, (2) conducts business transactions in this District.

8.     Venue is proper in this District because the calls were directed into this District.

## PARTIES

9.     Plaintiff Gerard Jackson is an individual residing in Pennsylvania in this District.

10.    Defendant Intel Media House Inc. is a corporation.

11.    Defendant Christian Gamarra is an individual.

## TCPA BACKGROUND

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

13.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

3

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

17.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

18.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

19.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

20.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the

signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

## **FACTUAL ALLEGATIONS**

### **Plaintiff Allegations**

21.     Plaintiff's telephone number (the "Number"), (814)-XXX-XXXX, is on the National Do Not Call Registry since December 4, 2006.

22.     Mr. Jackson uses the number for personal, residential, and household reasons.

23.     The number is not associated with any business.

24.     The Plaintiff never consented to receive telemarketing calls from the Defendants.

25.     The Plaintiff never did any business with the Defendants prior to the calls at issue.

26.     Despite that, Intel Media made pre-recorded telemarketing calls to the Plaintiff on April 18, 19, 24 (twice), 30, May 1, 3 (twice), 2024.

27.     All of the calls followed the same pre-recorded telemarketing script.

28.     They stated, "This call is about your Medicare health insurance. You may qualify for additional benefits including dental, hearing, and vision."

29.     The call was clearly pre-recorded because (a) they had unnatural phrasing and cadence and were identical on each call and (b) there was a delay prior to the message being played.

30.     On the final call, the Plaintiff talked to a live person.

31.     The person identified themselves as "William Cannonier".

32.     Mr. Cannonier identified as an employee of eHealth.

33.     Mr. Cannonier sent the Plaintiff an e-mail, which stated, "This is William Cannonier from eHealth insurance. I can be reached back directly @..."

34.     eHealth subsequently identified Intel Media as the entity that made the call and identified Christian Gamarra as their point of contact at Intel Media.

35.     Defendant Gamarra may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

36.     Gamarra personally directed the TCPA-violative conduct at issue because he personally authorized the telemarketing that was contemplated by his agreement with eHealth.

37.     Gamarra was also the individual responsible for drafting, setting, implementing, and controlling this illegal marketing strategy, including the use of illegal automated calls to numbers on the Do Not Call Registry, the hiring of the talent to work up those leads, and the other works involved in placing such calls, as well as its strategy of obfuscating corporate identity by hiring companies providing offshore talent to work up deals for eHealth.

38.     The foregoing facts demonstrate that Gamarra had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

## Class Action Allegations

39.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

40.     The class of persons Plaintiff propose to represent is tentatively defined as:

**TCPA Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Intel Media, or an agent calling on their

behalf, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff

**TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Intel Media (or an agent acting on their behalf) placed a telemarketing call (3) from four years prior to the filing of the complaint through trial (4) using a prerecorded message.

This is referred to as the "Class".

41. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42. The Class as defined above are identifiable through phone records and phone number databases.

43. The potential members of the Class number at least in the thousands.

44. Individual joinder of these persons is impracticable.

45. All Plaintiff are members of the Class.

46. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(b) whether Defendants systematically made pre-recorded calls to class members;

(c) whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(d) whether Defendants' conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

47. Plaintiff's claims are typical of the claims of members of the Class.

48.     Plaintiff are an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

50.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

51.     Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

52.     The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

53.     The Defendants' violations were negligent, willful, or knowing.

54.     As a result of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

55.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

56.     Defendants and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the Class using a pre-recorded voice message.

57.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Miranda and the other members of the TCPA Pre-recorded Class

58.     The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representatives of the Class;

9

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

RESPECTFULLY SUBMITTED AND DATED this 12th day of December, 2024.

PLAINTIFF,
By his attorneys

Respectfully submitted,

*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

Jeffrey M. Bower (PA Bar No. 18266)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jbower@bower-law.com

*Attorneys for Plaintiff and proposed class*