# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, *on behalf of himself and all others similarly situated*, | No. 4:24-CV-01181 |
| | (Chief Judge Brann) |
| Plaintiff, | |
| v. | |
| INTEL MEDIA HOUSE INC. and EHEALTH INSURANCE SERVICES, INC., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### JANUARY 8, 2025

**I.   BACKGROUND**

On July 16, 2024, Plaintiff Gerard Jackson filed a two-count class action Complaint alleging violations of the Telephone Consumer Protection Act ("TCPA") against Intel Media House Inc. ("Intel Media") and eHealth Insurance Services, Inc. ("eHealth").[1] The Court then received a Notice of Settlement as to Defendant eHealth on November 3, 2024.[2] In that Notice of Settlement, Jackson indicated that a tentative settlement had been reached and that he would file an Amended Complaint.[3] Plaintiff then filed a Motion to Amend the Complaint on December 12,

---

[1]   Doc. 1 (Compl.).
[2]   Doc. 25 (Notice of Settlement).
[3]   *Id.*

2024.[4] In that Motion, Jackson seeks to add Intel Media's principal, Christian Gamarra, based on Gamarra's alleged personal participation in the TCPA violations purportedly committed by Intel Media. For the reasons that follow, this Motion is granted.

## II.   STANDARD

Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend] when justice so requires."[5] This is a "liberal standard."[6] Under Rule 15(a), "[a] district court may deny leave [to amend] upon finding undue delay, bad faith, prejudice to the opposing party, or futility."[7] "'The function of Rule 15(a) … is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint.'"[8]

## III.   DISCUSSION

Jackson correctly notes that this is his first Motion to Amend the Complaint and that adding Gamarra will not prejudice him. Only the possibility of futility poses an issue for amendment. As to Gamarra, the proposed Amended Complaint relies on the theory of personal participation liability;[9] in support of this proposition, Jackson

---

[4]   Doc. 26 (Motion to Amend/Correct Complaint).
[5]   *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020).
[6]   *Id.* at 319.
[7]   *Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 U.S. App. LEXIS 5653, 2022 WL 621690, at *13 (3d Cir. Mar. 3, 2022) (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).
[8]   *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedures* § 1473 (3d ed. 2019)).
[9]   Doc. 26 (Motion to Amend Compl.) at 2.

extensively cites out of Circuit caselaw.[10] But he fails to discuss *City Select Auto Sales Inc. v. David Randall Assocs.*, a decision where the United States Court of Appeals for the Third Circuit appears to question the existence of personal participation liability for corporate officers.[11] Since our Court of Appeals left open this question, it cannot be definitively said that amendment would be futile in this instance. As such, I grant Plaintiff's Motion to Amend the Complaint.

In accordance with the above, **IT IS HEREBY ORDERED** that Plaintiff Gerard Jackson's Motion to Amend Complaint (Doc. 26) is **GRANTED**, and Plaintiff shall file an Amended Complaint no later than January 22, 2025.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[10] *Id.*
[11] 885 F.3d 154 (3d Cir. 2018).